IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF ALABAMA and ) | |
| THE ALABAMA SECURITIES ) | |
| COMMISSION ) | |
|   ) | |
|   Plaintiff, ) | |
| v.   ) | CASE NO. 2:09-cv-729-MEF |
|   ) | |
| ALLEGRO LAW, LLC, *et al.*, ) | (WO—Do Not Publish) |
|   ) | |
|   Defendants. ) | |

# **MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

This cause is before the Court on a Motion to Remand, filed by the plaintiffs, the State of Alabama and the Alabama Securities Commission (collectively "Alabama"), on August 10, 2009. (Doc. # 2.) The defendants, Allegro Law, LLC, Allegro Financial Services, LLC, and Keith Anderson Nelms (collectively "Allegro"), removed this action from the Circuit Court in Autauga County, Alabama, pursuant to 28 U.S.C. §§ 1441 and 1446 on July 31, 2009. In its Notice of Removal, Allegro argued that this Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because Alabama's Complaint raises "issues that substantially [a]ffect the Commerce Clause, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution." (Doc. # 1 at 5.) Alabama disagrees and moves to remand the action back to state court. For the following reasons, this Court will grant the motion.

## II. BACKGROUND

Alabama brings this enforcement action against Allegro for the unlawful and fraudulent provision of "debt payment services" without a license. According to Alabama's Complaint, Allegro advertised itself to the public as a debt-payment business and attempted to convince potential clients that, because it was managed by and employed licensed attorneys, it operated under higher standards, possessed greater knowledge, capability, and skill, and achieved greater success at handling debt settlement than nonattorney service providers. Allegro promoted a particularly risky form of debt-settlement service in which consumers are counseled to stop paying monthly minimum amounts to their creditors in the hope that those creditors would either write off the debt in full or at least agree to a substantial reduction in the amount of the monthly minimum payment on the debt. The consequence of this scheme is more fees for the debt-payment service provider, less money to the creditor for the satisfaction of the debt, and a lower credit rating for the consumer. Neither Allegro nor any of Allegro's employees were properly licensed by the Alabama Securities Commission to provide debt-payment services in Alabama.

Alabama filed this suit for violations of two state statutes. The Alabama Securities Commission, which is a state agency with jurisdiction over all debt-payment businesses that accept money for the purpose of paying another person's debts, brings an action for Allegro's breach of its statutory duty under the Alabama Sale of Checks Act to obtain a license before engaging in debt-payment services. In addition, the State of Alabama, through its Attorney

General, brings an action under the Alabama Deceptive Trade Practices Act for the false, misleading, and deceptive nature of Allegro's business plan, collection operations, and advertisements. Alabama seeks a declaratory judgment, injunctive relief, civil penalties, and disgorgement for unjust enrichment.

Allegro removed this case on the ground that this Court has original federal-question jurisdiction over it because, according to Allegro in its Notice of Removal,[1] "Plaintiffs allege that they have the absolute right to interfere with contracts held between the Defendant Allegro Law, LLC and some 15,000 citizens residing outside the state of Alabama." (Doc. # 1 at 5.) In other words, Allegro argues that Alabama's enforcement of the Alabama Sale of Checks Act in this case will substantially burden Allegro's interstate debt-settlement contracts with its out-of-state clients, in violation of the constitutional doctrine known as the "Dormant" Commerce Clause.[2] Therefore, because a federal constitutional issue is present in this case, Allegro argues that this Court has subject-matter jurisdiction.

Alabama disagrees and moves to remand this case back to state court. It argues that

---

[1] The Court notes that Allegro's argument comes solely from the Notice of Removal because Allegro has failed to respond to this Court's Order of August 11, 2009, requiring Allegro to show cause why Alabama's Motion to Remand should not be granted. (Doc. # 7.) Nonetheless, because the question before the Court is one of jurisdiction, the Court will decide whether it has the authority to hear the case without regard to Allegro's failure to respond.

[2] Allegro also asserts that this enforcement action violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Allegro does not explain the basis for this contention. The Court can only assume that Allegro included the Fourteenth Amendment contention because it is arguing that a *state* allegedly infringed Allegro's interstate debt-settlement contracts, even though the Dormant Commerce Clause itself targets unconstitutionally burdensome state action and does not require the assistance of the Fourteenth Amendment to do so.

3

remand is appropriate because the only federal issue alive in this action is Allegro's alleged federal constitutional defense under the Dormant Commerce Clause, which, standing alone, is insufficient to support removal under § 1441.[3]

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, federal courts have the power to hear only those cases that they have been authorized to hear by the Constitution or federal statute. *Kokkonen*, 311 U.S. at 377. When a case is filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). The nonmoving party may move for remand, which must be granted if "it appears that the district court lacks subject matter jurisdiction . . . ." *See id.* § 1447(c). Because removal raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. When a case is removed from state court, the burden is on the party who removed the action to establish subject-matter jurisdiction. *Id.*

A civil action filed in state court may be removed to federal court under § 1441(b) if

---

[3] Alabama also argues that remand is appropriate because (1) Allegro filed its Notice of Removal too late, and (2) removal is barred by Alabama's immunity under the Eleventh Amendment. The Court need not address these other arguments because the Court's holding in this Order—that it does not have subject-matter jurisdiction over the substance of the claims and defenses as set out in the pleadings—is sufficient to support remand.

the claim is one "arising under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To determine whether a claim arises under federal law, a court must examine the "well pleaded" allegations of the complaint. *Id.* In this case, Alabama has not made any allegations under federal law in its complaint, nor has Allegro asserted that Alabama has made any such allegations.

Rather, Allegro has asserted a *defense* that arises under federal constitutional law. But this assertion is not sufficient for subject-matter jurisdiction. It is well settled that a case initiated in state court is not removable if subject-matter jurisdiction is based solely on a federal issue raised by way of defense, even if the defense that is raised is that the plaintiff's state-law claim is preempted by federal law.[4] *Ark. v. Kan. & Tex. Coal Co.*, 183 U.S. 185, 188 (1901) ("[J]urisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States . . . ."). The Supreme Court has held:

> [I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983); *see also Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352–53 (11th Cir. 2003) (same). Because

---

[4] The only exception to this rule is where the plaintiff's claim falls within the limited category of claims that have been judicially declared to be "completely" preempted by federal law. *See BLAB T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Allegro does not make a complete-preemption argument, and even if it did, a federal defense founded on the Dormant Commerce Clause does not trigger complete preemption.

5

Allegro's defense under the Dormant Commerce Clause is the only federal question upon which Allegro bases subject-matter jurisdiction over this action, removal is not appropriate under § 1441.

## IV.  CONCLUSION

Accordingly, it is hereby ORDERED as follows:

1.  Plaintiffs The State of Alabama and The Alabama Securities Commission's Motion to Remand, filed on August 10, 2009 (Doc. # 2), is GRANTED, and this case is REMANDED to the Circuit Court of Autauga County, Alabama.

2.  The Clerk of the Court is DIRECTED to take the appropriate steps to affect the remand.

DONE this the 24th day of November, 2009.

        /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE